W. T. BRIMM and EVERETT WADLEIGH, Appellants, v. JOHN ALEXANDER, Respondent.

**Kansas City Court of Appeals, January 11, 1915.**

1. **CONTRACTS: Damages: Vendor and Vendee.** This is an action by plaintiffs to recover damages for a breach of contract by the defendant, in selling and not delivering 2000 bushels of potatoes. A demurrer to the evidence was sustained upon

the grounds, first, that a joint sale was alleged, while the evi-
dence showed separate sales to the plaintiffs. *Held*, that the
evidence was sufficient to take the case to the jury and the
court erred in directing a verdict for defendant.

2. **EVIDENCE: Witnesses: Mistake.** Where a party through
ignorance, oversight or mistake makes statements against his
interest which are not true, the court is not bound to give
conclusive effect to such statements, as the law does not exact
infallibility of any witness nor unduly punish a party for honest
mistakes or inconsistencies in his testimony.

3. ————: **Antecedent Oral Agreement.** Evidence of an ante-
cedent or contemporaneous oral agreement cannot be admitted
to abrogate or vary the terms of a written contract.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,*
Judge.

REVERSED AND REMANDED.

*E. C. White* and *Hall, Robertson & O'Bannon* for
appellants.

(1) The contract or memorandum offered in evi-
dence contained all the essential terms of a complete
contract, to-wit: First, the parties; second, the sub-
ject-matter; third, the price; fourth, time and place
and manner of payment; fifth, time and place of de-
livery. Darnell v. Lafferty, 113 Mo. App. 282. (2)
If the time of delivery is not specifically specified and
not agreed upon, then the law will construe a reasona-
ble time. Smith v. Schell, 82 Mo. 215. (3) Joint obli-
gees in a contract must all join as parties plaintiff.
Clark v. Cable, 21 Mo. 223; Parsons on Contracts, page
13; Butler v. Boynton, 117 Mo. App. 465; Ellis v. Rail-
road, 130 Mo. App. 225; Henry v. Mt. Pleasant Town-
ship, 70 Mo. 500; Thieman v. Goodnight, 17 Mo. App.
429; Rainey v. Smizer, 28 Mo. 310; Churchill v. Lam-
mers, 60 Mo. App. 244; Slaughter v. Davenport, 151
Mo. 26. (4) Plaintiff is not bound by all his state-
ments or evidence which were against his interest, as

he may have made them through ignorance, or by mistake, and if there be other evidence on that issue favorable to plaintiff, the jury should decide which evidence to accept. Huff v. Railroad, 213 Mo. 495; Downs v. Racine Sattley Co., 175 Mo. App. 382; Bruce v. Railroad, 163 S. W. 548.

*W. D. Steele* for respondent.

JOHNSON, J.—This is an action to recover damages resulting from the alleged breach by the vendor of a contract for the sale and delivery of 2000 bushels of potatoes. At the close of the evidence of plaintiffs the court directed a verdict for defendant, plaintiffs took an involuntary nonsuit, with leave to move to set the same aside, and after their motion to set it aside was overruled, brought the case to this court by appeal.

Respondent has filed no statement and brief, and the case is before us on the abstract of the record and statement and brief of appellants, from which it appears that the demurrer to the evidence was sustained mainly upon the ground that the petition alleges a joint sale of 2000 bushels of potatoes to plaintiffs, while the evidence shows a separate sale to each plaintiff of 1000 bushels. Further it appears that the court regarded as serious the question of the sufficiency of the written memorandum of the sale under the Statute of Frauds.

On October 23, 1911, defendant, a wholesale dealer in produce at Sedalia, signed and delivered to plaintiffs, who were retail dealers at Green Ridge, Missouri, the following written memorandum of the sale in question:

"Sedalia, Mo., 10-23-1911.

"M    W. T. Brimm,
     Green Ridge.

John Alexander,
Wholesale Fruits and Produce.
542 East Fifth St.           Bell Telephone 1379.

I hereby bill to Brim & Wadleigh 2000 Bu.
Potato at 69 ct.  F. O. B. Green Ridge.

To be rurals and not too large like what we looked at.

(Signed.)    JOHN ALEXANDER."

Following the delivery of this memorandum there was a sharp and continuing advance in the market price of potatoes, and after a reasonable time for delivery had expired defendant refused to perform the contract and plaintiffs were compelled to buy 2000 bushels from another dealer at the advanced market price.

Plaintiffs were not in partnership but were the respective proprietors of separate businesses in Green Ridge and each had agreed with the other to take and pay for one-half of the potatoes as they were delivered. On cross-examination the plaintiff Wadleigh testified that he was to have one thousand bushels and Brim an equal quantity and that he "would owe Mr. Alexander for a thousand bushels" and "Brim would owe Mr. Alexander for a thousand bushels." But his testimony, as a whole, shows, we think, that he was speaking of the agreement he had with Brim and did not mean to say that their contract with Alexander embraced the provisions of that agreement. The court, however, put that construction on his testimony, and after intimating on the hearing of the demurrer to the evidence that the evidence disproved the pleaded cause which was founded on a joint contract, permitted plaintiff Brim to be recalled to the stand but refused to allow him to testify to the absence of an agreement with Alexander for separate sales to the respective

plaintiffs. The reason for this ruling, stated by the court, was "that as Mr. Wadleigh has gone on the witness stand and with the identical purported contract in his hand, with his attention especially called to said contract, has testified to a state of facts different to what they now offer to put the other plaintiff on the witness stand and prove, the court sustains the objection to this testimony." If the court had correctly interpreted the testimony of Wadleigh and if the purpose of the proffered evidence was to contradict that testimony, no good reason existed for excluding it on that ground. A party is not allowed to impeach his own witness but he may introduce evidence which contradicts the testimony of a witness introduced by him, though such witness be his co-plaintiff. The idea that statements made on the witness stand by a party to the action which are against his interest must be taken as true has been disapproved in the modern decisions in this State and is superseded by the more just rule that if a party through ignorance, oversight ,or mistake makes statements against his interest which are not true, the court is not bound to give conclusive effect to such statements. The law does not exact infallibility of any witness nor unduly punish a party for honest mistakes or inconsistencies in his testimony. [Downs v. Racine-Sattley Co., 175 Mo. App. 382; Huff v. Railway, 213 Mo. 495.] Wadleigh may have intended to state the facts as the court understood him to state them and have been honestly mistaken about them. But such error should not be suffered to strip him and his co-plaintiff of a meritorious cause of action, susceptible of proof by other substantial and credible evidence. The reason assigned by the court for the exclusion of the evidence is unsound.

But the vital error which induced the court to sustain the demurrer to the evidence was not the one just discussed. The cause of action asserted by plaintiffs is founded on a written contract which the proof

shows consisted of the memorandum of sale signed by defendant. We perceive no ground upon which the contract should be pronounced invalid under the Statute of Frauds. [Sec. 2784, R. S. 1909.] Every possible criticism that could be made of it on such ground is well and convincingly answered in the decision of the St. Louis Court of Appeals in Darnell v. Lafferty, 113 Mo. App. 282. We find the contract is sufficiently definite as to the essential elements of parties, subject-matter, price, time and place of delivery and time, place and manner of payment and by its express terms excludes the thought of an agreement between the parties for separate purchases by the vendees. Had the potatoes been delivered by defendant and received by plaintiffs, their liability to defendant under the contract would have been joint and several, and in an action against him for the entire purchase price neither would have been allowed to interpose the defense that under a contemporaneous or antecedent oral agreement with defendant he was not a joint purchaser of 2000 bushels, but a separate purchaser of half that quantity. Proof of such oral agreement should have been rejected by the court under the rule that evidence of an antecedent or contemporaneous oral agreement cannot be admitted to abrogate or vary the terms of a written contract.

The evidence of plaintiffs was sufficient to take the case to the jury and the court erred in directing a verdict for defendant. The judgment is reversed and the cause remanded.

All concur.